IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:21-cv-00134-BO

| | |
|---|---|
| ALTON SKIPPER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED PROPERTY & CASUALTY INSURANCE COMPANY <br><br> Defendants. | **ORDER** |

This matter is before the Court on Plaintiff Alton Skipper ("Plaintiff") and Defendant United Property & Casualty Insurance Company ("Defendant")'s Consent Motion to Lift Stay and Dismiss Litigation [DE: #21].

Plaintiff was an insured under a homeowners policy issued by Defendant, and Plaintiff made certain claims against Defendant in this Lawsuit arising from alleged damages to his residence located on Cypress Point in New Bern, Craven County, North Carolina as a result of Hurricane Florence in September of 2018.

On March 15, 2023, Defendant filed a Notice of Filing Consent Order Appointing The Florida Department of Financial Services as Receiver of United Property & Casualty Insurance Company for Purposes of Liquidation.

Following the insolvency of Defendant, the NCIGA, a nor-profit, unincorporated statutory association, activated to fulfill its statutory obligations pursuant to the North Carolina Insurance Guaranty Association Act, N.C. Gen. Stat. § 58-58-1, *et seq.* (the "Guaranty Act").

1

Plaintiff and the NCIGA have reached a resolution of the claims set forth in the Lawsuit wherein NCIGA is paying its statutory maximum authority to forever end and compromise any and all claims that Plaintiff could have brought under or in connection with the Policy against the NCIGA.

Plaintiff has agreed to release the NCIGA for all claims that Plaintiff did bring in the Lawsuit or could have brought under or in connection with the Policy; however, Plaintiff expressly reserves the right to pursue any causes of action and/or remedies against UPC itself in insolvency proceedings to the extent permitted by law.

**IT IS, THEREFORE, ORDERED** that the previously entered stay is hereby **LIFTED** and this case is **DISMISSED** in its entirety, and with prejudice as to any and all claims against NCIGA, but without prejudice as to Plaintiff's claims against UPC, more particularly without prejudice as to Plaintiff's rights to pursue any and all claims and take whatever action may be necessary to pursue claims in excess of the payments made by NCIGA against UPC in proceedings related to its insolvency. The clerk of court is hereby directed to close its file with respect to this matter.

Sept. 12, 2023

**IT IS SO ORDERED.**

Terrence W. Boyle
United States District Judge